UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL MAILLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:08-cv-66-GZS |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PENDING MOTIONS**

Before the Court are the following motions: (1) Plaintiff's Motion for Leave to File An Amended Complaint (Docket # 10), (2) Plaintiff's Motion to Remand (Docket # 11), (3) Defendant's Motion to Dismiss Count V for Failure to State Claim (Docket # 8) and (4) Plaintiff's Request for Oral Argument/Hearing (Docket # 15).

In accordance with District of Maine Local Rule 7(f), the Court has concluded that oral argument is not necessary, and, therefore, DENIES Plaintiff's Request for Oral Argument (Docket # 15).

Through the pending motions, Plaintiff initially seeks to amend his complaint and add an additional defendant, Erlene Skillin, who is a Maine resident. There is no dispute that the addition of Skillin as a defendant would defeat diversity jurisdiction and require this Court to remand the claims stated in the Amended Complaint in accordance with 28 U.S.C. § 1447(e). Although leave to amend a complaint well before trial is ordinarily freely given in accordance with Federal Rule of Civil Procedure 15(a)(2), requests to amend that may result in remand pursuant to § 1447(e) require additional scrutiny.

Specifically, the Court must balance the equities by considering "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987); <u>see also</u> <u>Casas Office Machines, Inc. v. Mita Copystart America, Inc.</u>, 42 F.3d 668, 675 n. 8 (1st Cir. 1995); <u>Schrepfer v. Famamtome Connectors USA, Inc.</u>, 115 F. Supp. 2d 182, 186 (D.N.H. 1999) (both citing and quoting <u>Hensgens</u>).

At the outset, the Court acknowledges that Skillin is not an indispensable party. However, this categorization does not affect the Court's weighing of the equities. <u>See, e.g.</u>, <u>Irizarry v. Marine Powers Int'l</u>, 153 F.R.D. 12, 14 (D.P.R. 1994). With respect to timeliness, the Court concludes that Plaintiff's amendment is certainly timely in that it was made within a month of Defendant's notice of removal and prior to any discovery. In addition, the Court does not believe that the amendment is made for the purpose of defeating jurisdiction. Rather, by amending his complaint, Plaintiff seeks to ensure that all of his claims related to his termination from UPS are tried in a single action. The possibility that Plaintiff's claims might proceed simultaneously in two different forums-- with his discrimination claims against UPS in federal court and his defamation-related claims against Skillin in state court--raises the prospect of inconsistent judgments and would be an inefficient use of the resources of both the judiciary and the parties. Moreover, as Plaintiff argues in his reply, he faces the prospect that both Skillin and UPS will invoke an "'empty chair' defense" if he is forced to proceed against each defendant in a separate forum. (Pl.'s Reply (Docket # 14) at 5.) All of these considerations weigh in

favor of allowing the amendment and remanding the action. On the record before the Court, there are no proffered or apparent counterweights that give the Court a basis for denying Plaintiff the right to amend his complaint. Therefore, the Court hereby GRANTS Plaintiff's Motion for Leave to File An Amended Complaint (Docket # 10). The Court notes that the Amended Complaint does not assert a claim against UPS for Intentional Infliction of Emotional Distress. Thus, Defendant's Motion to Dismiss Count V for Failure to State Claim (Docket # 8) is now MOOT. In light of the fact that the Amended Complaint destroys subject matter jurisdiction, the Court also GRANTS Plaintiff's Motion to Remand (Docket # 11) in accordance with 28 U.S.C. § 1447(e) and hereby REMANDS this action to the Maine Superior Court in York County.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 21st day of May, 2008.